NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL HERNANDEZ-MACEDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-70454

Agency No. A208-600-704

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Samuel Hernandez-Maceda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We dismiss in part and deny in part the petition for review.

The agency did not err in concluding that Hernandez-Maceda did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Hernandez-Maceda raises a new proposed social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Hernandez-Maceda's asylum and withholding of removal claims fail.

Substantial evidence also supports the denial of CAT relief because Hernandez-Maceda failed to show it is more likely than not he would be tortured

17-70454

by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**